Gastoíy, Judge,
 

 after stating the case as above, proceeded: The controversy between the plaintiffs and the defendant Samuel Trogden, depends upon the agreement of sale and payment therefor set up in the defendant’s answer.
 

 We do not deem it necessary to analyse minutely the respective depositions which have been taken. We' are satisfied that the letter of the 25th of November was not written with the plaintiff’s knowledge, and that the money did not come into
 
 his hands,
 
 but we are also fully satisfied that the • notes reached the post office of Paris; that the letters containing them were taken out of the office by one Hugh M. Elder, a neighbor of the plaintiff, and a man then sustaining a fair character, who had been requested by the plaintiff to take his letters out of the post office, and that the said Elder forged the letter of the 25th of November, and applied the notes so transmitted to his own use. Upon these facts, it seems to us, that the loss of these notes must fall on the plaintiff, for two reasons. The first is, for that his letter of the 3d of August, in answer to the application in the defendant’s letter of the 15th of July, to know
 
 how
 
 he wished the money sent, whether by mail or by a private hand, amounted to a direction to the defendant to send it by mail if in his judgment that mode was preferable. If the plaintiff intended that the risk of thus transmitting the money should be the risk of the defendant, he was bound in good faith to say so explicitly, and not leave it to the defendant’s discretion as a prudent agent. And secondly, the loss must be his, for the money did come into the hands of one who for this purpose must be regarded as the agent of the plaintiff. It has been attempted to show that the defendant well understood that he was to incur the hazard of this mode of remittance, because, since the pending of this suit, he exerted himself by an agent to secure payment from Elder, and obtained a note payable to himself for the full amount so
 
 *194
 
 embezzled by Elder, which note is now in suit. But the testimony clearly establishes that the agent acted as well by ^e pHintiff’s direction as by that of the defendant, and for the benefit of the person, whoever it might be, on whom the loss might be thrown. And we find in the record an express agreement that “ the proceedings to collect the debt from Hugh M. Elder, shall not prejudice either party.”
 

 It has been insisted for the plaintiffs that if the
 
 $400
 
 are to be considered as having been paid by the defendant upon this agreement, they are nevertherless entitled to an account in order to ascertain whether the agreement was reasonable and one proper to be executed. We do not think so. The bill has been filed for an account as though no agreement had been made, much less executed, not to be relieved against it. If the plaintiffs intended to impeach the agreement, but were not aware when their bill was filed, that it would have been insisted upon by the defendant, they should have filed a supplemental bill and distinctly put its fairness in issue. There is no apparent unfairness in the transaction, and supposing it fair, it would be impracticable to ascertain how much of the $400 was paid on account of the negro and land which were the legal property of the plaintiffs, and how much on account of their distributive share. The testimony on both sides has been directed to the controversy between the parties whether the agreement has been in fact executed or not. It has been executed as to the defendant, and neither the frame of the bill nor the proofs will warrant us in setting it aside against him.
 

 In our opinion the bill must be dismissed — but we do not think under the circumstances of the case., that the plaintiffs should be mulcted with costs — except the costs of the formal defendants.
 

 Per Curiam. Bill dismissed.